Opinion by
Willson, J.
■§ 279. Municipal córporcdion; liability of, for trespass, etc.; petition must allege corporate authority. “The rule of law is a general one, that the superior or employer must auswer, civilly, for the negligence or want of skill of his agent or servant, in the course or line of his employment, by which another is injured. Municipal cor *211 porations, under the conditions herein stated, fall within the operation of this rule of law, and are liable, accordingly, to civil actions for damages, when the requisite elements of liability co-exist. To create such a liability, it is fundamentally necessary that the act done, which is injurious to others, must be within the scope of the corporate powers as prescribed by charter or positive enactment; ... in other words, it must not be ultra vires, in the sense that it is not within the power or authority of the corporation to act in reference to it, under any circumstances. If the act complained of lies wholly outside of the general or special powers of the corporation, as conferred by charter or statute, the corporation can in no event be hable, whether it directly commanded the-performance of the act, or whether it be done by its-officers without its express command; for a corporation cannot, of course, be impliedly hable to a greater extent than it could make itself by express corporate vote or action.” [2 Dillon on Munic. Corp. (3d ed.) § 968.] ’ This was a suit brought by appellee to recover damages of the city for taking certain of his land within the corporate limits, for the purpose of constructing a sewer or ditch thereon, and for injuring other portions of his land by the construction of said sewer or ditch. Held, that the petition was insufficient, and that appellant’s exceptions to it should have been sustained, because it did not allege that it was within the scope of the corporate powers of the city to take said land, and cause said sewer or ditch to be dug.
§ 280. Limitation; actions for injury done to property. Actions for injury done to the estate or property of another must be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward. [K. S. art. 3003.] In this case the cause of action was the taking of the plaintiff’s land, and the construction thereon of the sewer or ditch. This was a permanent injury, and the running of the statute of limitations would commence from the time when the act *212 which resulted in the injury was committed, and not from the time when the injury was actually sustained. The cause of action aecrued and was complete when the land was taken and the sewer or ditch dug. If two years had elapsed from that time before the bringing of this suit, the cause of action is barred. [Wood on Lim. § 177 et seq.J
June 27, 1884.
Reversed and remanded.